# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEHEMIAH B. HAMPTON,<br><br>             Petitioner,<br><br>     v.<br><br>PAUL COPENHAVER,<br><br>             Respondent.<br>_____/ | 1:12-cv-01038 MJS (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILING TO STATE A COGNIZABLE CLAIM<br><br>[Doc. 1] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1) and Local Rule 305(b).

**I.     FACTUAL BACKGROUND**

Petitioner is currently in the custody of the Bureau of Prisons (BOP). He does not provide information regarding his conviction or projected release date in his petition.

Petitioner asserts that his due process rights were violated with regard to a disciplinary hearing on September 9 and continued to September 20, 2011.[1] (Pet., ECF No. 1 at 16-19.) Petitioner was found to be in possession of marijuana during a search of Petitioner's cell on July 22, 2011, when Petitioner was housed at United States Penitentiary Lee in Jonesville, Virginia. Petitioner was found guilty of the disciplinary offense and

---

[1] The hearing was postponed from September 9, 2011 to September 20, 2011 to allow the hearing officer to attempt to review videotape of the incident.

sanctioned 30 days of disciplinary segregation, 180 days of loss of telephone privileges, and loss of visiting privileges for a year. (Id.)

On June 26, 2012, Petitioner filed the instant federal habeas petition alleging that the disciplinary hearing officer violated his due process by not considering the testimony of Petitioner's witness. At the time fo filing the petition, Petitioner was confined at United States Penitentiary, Atwater ("USP Atwater").

## II.     APPLICABLE STANDARD OF HABEAS CORPUS REVIEW

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's claims are proper under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of petitioner's sentence and not the fact of petitioner's conviction or sentence. See Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1991) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"). Venue is proper in this District as Petitioner is challenging the execution of his sentence at USP Atwater, which is within the Eastern District of California.

### A.     Failure to State Cognizable Claim

The instant petition must be dismissed because it does not challenge the fact or duration of Petitioner's confinement.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500

U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In the present case, the disciplinary decision does not directly impact Petitioner's prison sentence. The sanctions imposed - losses of preferred housing and telephone and visiting privileges - do not affect the length of time he will serve in custody and will not change his release date. As a result, he cannot pursue his grievances against prison officials by seeking a writ of habeas corpus.

As it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Petitioner is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

In an appropriate case a habeas petition may be construed as a Section 1983 complaint. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the Wilwording case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is now $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. See 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential consequences for Petitioner if the petition were construed as a civil rights complaint, the case is DISMISSED without prejudice to Petitioner to present the claims in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than a habeas

petition, which will be assigned a separate civil number. The Clerk of Court shall send Petitioner a blank civil rights complaint form along with a copy of this Order.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED without prejudice to Petitioner's right to file a civil rights action pursuant to 42 U.S.C. § 1983;

2. The Clerk of Court is DIRECTED to send Petitioner a blank civil rights complaint form;

3. The Clerk of Court is DIRECTED to enter judgment; and

4. A certificate of appealability is not required in this case. Forde v. U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir.1997).

IT IS SO ORDERED.

Dated:   September 6, 2012          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE